THE PEOPLE v. JOHN F. SWEENEY.

*Information—Joinder of counts—Challenges—Election between counts—Contradiction by written statements—Assignments of error.*

1. A count for the statutory offense of assault with intent to do great bodily harm may be joined with one for the common-law offense of assault with intent to kill and murder, though the penalties be different, where both are felonies defined by statute, and one includes the other so that evidence applicable to the greater applies to the less.

2. Where counts for different offenses are joined respondent has a right to the full number of challenges to which he is entitled on each count.

3. Election between counts cannot be required on the ground that distinct offenses are charged where they are committed by the same acts at the same time and the same testimony must be relied on for conviction.

4. The presumption that one intends the consequences of his acts is not conclusive in the case of a crime the gist of which is the intent itself.

5. The bad character of a woman on whose premises a person was arrested charged with an assault committed elsewhere, cannot be shown upon the prosecution of such person for such offense, in the absence of any showing implicating the woman.

6. The prosecution cannot, by way of contradicting their own unwilling witness introduce portions, only, of a previous written statement made by him even though the defense claim that it does not materially differ from his testimony. The whole, or none, must be shown.

7. An assignment of error on the refusal to grant certain requests for instructions as designated by numbers is insufficient, if meant to be taken distributively. and is immaterial if the substance of the requests is given in the charge.

Error to Saginaw.  (Gage, J.)  Nov. 19.—Jan. 14.

ASSAULT with intent to murder.  Respondent brings error. Reversed.

*Tarsney & Weadock* for respondent appellant.

Attorney General *Van Riper* for the People.  Under a complaint for murder and waiver of examination, it would be proper in the information to add counts for an assault

with intent to murder, and for an assault, although the two latter were not in the complaint; this is because they are contained in the greater crime charged in the complaint; where the crime of murder is charged the respondent may be convicted of the lesser offenses included therein, although no counts for the lower grade of crime are set forth in the information: *Stewart v. State* 5 Ohio 241; *State v. Stedman* 7 Port. (Ala.) 495; *Larned v. Com.* 12 Met. 240; *People v. McDonald* 9 Mich. 150; *Campbell v. People* 34 Mich. 351; *Hanna v. People* 19 Mich. 316; where it is evident that an unwilling witness for the prosecution is making statements different from those made by him on a former examination, it is proper to cross-examine him as to his statements: *Moody v. Rowell* 17 Pick. 498; *Bullard v. Hascall* 25 Mich. 132; 1 Stark. Ev. 167; malice aforethought is not deliberate or calculating malice, but any malice antedating the act it inspires: *Nye v. People* 35 Mich. 19; *Com. v. Webster* 5 Cush. 295–304; 2 Bish. Cr. L. §§ 680, 681; *Maher v. People* 10 Mich. 219; *Patten v. People* 18 Mich. 334; 2 Whart. Cr. L. § 970.

SHERWOOD, J. The record in this case shows the defendant was arrested and brought before a magistrate, in the county of Saginaw, on a charge of assault with intent to kill and murder one Jacob Jonsen. He waived examination, and was bound over to appear at the circuit court in said county, wherein he appeared on the 4th day of December, 1883, and was there arraigned upon an information containing two counts: the first charging him with the crime of assault with intent to kill and murder, and the second with "an assault with intent to do great bodily harm, less than the crime of murder." To this information the defendant pleaded not guilty. On the issue thus made the cause went to trial, and on the 7th day of March, 1884, the jury rendered their verdict, finding the defendant guilty " of assault with intent to do great bodily harm." The court afterwards sentenced him to the State prison for ten years.

No exception was taken by respondent or his counsel to proceeding to trial without any preliminary examination on the charge contained in the second count in the information. Thirty-one assignments of error are presented for our con-

sideration.  Four relate to the charge of the court, and the others to proceedings upon the introduction of evidence. The offense of which the defendant was convicted was created by statute at the last session of the Legislature of this State. (Act 71 of 1883.)  It is claimed that the count containing this statutory offense cannot be joined with one charging the common-law offense of assault with intent to murder.  Both offenses are felonies; both are punishable by imprisonment— one not exceeding ten years and the other for life ; a fine may be added to the first.  The proofs establishing the latter would necessarily be sufficient to convict for the former.  The latter crime includes the former, and it was conceded by counsel for the respondent that the proofs would be the same, on the trial, on both counts.

It is difficult to give a satisfactory reason why these two offenses may not be joined in the same information in different counts.  Under the first count the defendant is charged with an intent to do the greatest bodily harm possible, and in the second with the intent to do bodily harm, amounting to an offense greater than a misdemeanor, and less than murder. In both cases the offenses charged are of the same character, were committed at the same time, by the same force, and only differ in the degree of injury inflicted.  While only one exists at common law, both are defined by our statute, and the penalties regulated thereby.  The one being statutory only, furnishes no ground in the case stated for misjoinder.  2 Hale's Pleas of the Crown 173 ; *King v. Johnson* 2 Leach 1103 ; 1 Chit. Cr. L. 253 ; *Baker v. State* 4 Ark. 56 ; *Com v. Tuck* 20 Pick. 356 ; *State v. Brady* 14 Vt. 353 ; *State v. Cocker* 3 Har. (Del.) 554 ; *State v. Grisham* 1 Hayw. 12 ; *Josslyn v. Com.* 6 Metc. 236 ; *State v. Flye* 26 Me. 312 ; *People v. Austin* 1 Park. Cr. 154 ; *United States v. Peterson* 1 Woodb. & M. 305 ; *Com. v. Manson* 2 Ashm. 31 ; *McGregg v. State* 4 Blackf. 101 ; *State v. Coleman* 5 Port. 32 ; *Wash v. State* 14 Sm. & M. 120 ; *People v. Baker* 3 Hill 159 ; *State v. Hogan* R. M. Charlt. 474 ; *Kane v. People* 8 Wend. 203 ; *Carlton v. Com.* 5 Met. 532 ; *United States v. O'Callaghan* 6 McL. 596 ; *Stephen v. State* 11

Ga. 225; *Burk v. State* 2 Har. & J. 426. Neither does the fact that the prescribed penalties are different. *King v. Darley* 4 East 174; 1 East P. C. 408–410; *Kightly v. Birch* 2 M. & S. 533. Nor was the defendant prejudiced in any manner by the joinder upon the trial. By the joinder of the counts he became entitled to the greatest number of challenges allowed by law, and a greater number than he would have been, had the information contained a single count for the crime of which he was convicted. Neither does the information present a case in which the People could be required to elect between the counts. When distinct offenses are charged in different counts, but are committed by the same acts, at the same time, and the same testimony must necessarily be relied upon for conviction, the prisoner cannot be confounded in making his defense, and the People ought not to be compelled to elect. *People v. Costello* 1 Den. 83; *People v. Rynders* 12 Wend. 425; *Kane v. People* 8 Wend. 203; *State v. Smith* 8 Blackf. 489; *Wash v. State* 14 Sm. & M. 120. We think the ruling of the circuit judge was right upon this subject.

It is unnecessary now to determine the extent of the injury required to bring a case within the statute under which the conviction in this case was had. It very clearly appears from the record that "*great bodily harm less than murder*" was committed. That the injury was committed by shooting was admitted upon the trial; the extent of the injury and the intent with which it was done being the main questions litigated before the jury. "A sane man * * must be presumed to contemplate and intend the necessary, natural and probable consequences of his own acts," (3 Greenl. Ev. §§ 13, 14; *Rex v. Farrington* Russ. & Ry. 207; *Com. v. Webster* 5 Cush. 305); but when the intent is the gist of the crime, as in this case, this presumption, though a very important circumstance in making the proof necessary upon this point to convict, is not conclusive nor alone sufficient, and should be supplemented by other testimony to avoid a reasonable doubt.

We have examined the testimony tending to show the extent of the injury, and find nothing improper in the ruling of the court upon the objections taken upon that subject. It appears from the testimony that the defendant kept a saloon in East Saginaw not far from the one in which the shooting was done, and that a Miss Kelly occupied rooms in the upper part of the same building, and the defendant was found in these rooms when he was arrested. This woman was not sworn or examined by either party, neither was she in the room when the arrest was made, nor present when the shooting was done. But the people were allowed, against the objection of immateriality, to prove she was reported to be Sweeney's woman; that she was of ill repute and kept a house of ill-fame. We think this testimony was open to the objection taken. It certainly had no tendency to prove either the extent of the injury or the intent with which it was committed. The inference sought to be drawn from it was that if the defendant would associate with this lewd woman, it might be considered as a circumstance tending to show the depravity of heart which would prompt the commission of the crime charged. This was vicious. No such inference was proper, and when the testimony was ruled in against the strenuous objections of counsel for the defendant, it gave to it an importance which we think would hardly fail to operate to his prejudice. The testimony should have been excluded.

The people called James Hassett, a witness who was present and saw much of the transaction when the offense was committed. It became the duty of the prosecution to call him, and it was claimed by the attorney for the People that he was an unwilling witness. He had previously given a narration of the facts to the prosecuting attorney and the chief of police, which was taken down in writing at the time and read over to the witness, and which he signed. He was examined at length by the prosecution, and cross-examined by defendant's counsel. On re-examination he was shown the statement signed by him, and recognized his signature. He was then examined as to the statements he therein made.

This testimony was objected to as incompetent and immaterial, and a large number of exceptions were taken. None of the cross-examination appears in the record, and for this reason it is difficult to say whether the exceptions are well taken or not; but from what is shown in the record it appears that the court allowed portions of the written statement to be given in evidence as contradicting the testimony of the witness upon the trial, and so far as this was done it was erroneous. If the writing was thus contradictory, the whole statement should have been read to the jury.

It seems to have been conceded by counsel for the defendant, upon the trial, that the evidence given by the witness did not differ materially from the statement contained in the paper. But that was of no consequence so long as it was claimed otherwise by the prosecutor. We think the case comes within the rule laid down in *Lightfoot v. People* 16 Mich. 507. The witness occupied a position when the shooting was done where he could have seen much of what occurred, and the tendency of the course pursued on the trial, in connection with the avowal of counsel for the People, was to impress upon the minds of the jury that the offense he saw committed was much greater than he had disclosed in his testimony. This was prejudicial to defendant.

Dr. Ross was examined by the prosecution as to the extent of the physical injuries committed by the prisoner. Nine exceptions are taken to the rulings of the court on the admission of his testimony. We find no error in these rulings.

At the close of the trial counsel for defendant presented thirteen requests to be given to the jury. Error is assigned as follows: " The said circuit judge erred in refusing to grant the said defendant's requests" (numbering them). If it is intended this assignment of error is to be taken distributively, the language used is insufficient for that purpose. The substance of several of the requests was given in the charge, which disposes of this error as assigned. Three assignments of error are based upon certain portions of the charge as given. We have carefully looked through the charge given by the court in this case, and do not think the exceptions are

well taken. It fairly covers the case presented. But for the errors above mentioned

The judgment must be reversed and a new trial granted.

The other Justices concurred.