## PEOPLE v. GRABIEC.

1. Indictment and Information — Criminal Law — Pleading — Negativing Exceptions.

An information based upon section 2 of Act No. 338, Pub. Acts 1917, as amended by Act No. 53, Pub. Acts 1919, charging defendant with having unlawfully transported and having in his possession spirituous and intoxicating liquors, is not defective because exceptions contained in the amended act, and adopted by reference in section 2, were not negatived, since section 2 is an enacting clause, and under the rule in force in this State where the exceptions are not set forth in the enacting clause the pleader need not negative them.

2. Criminal Law — Intoxicating Liquors — Evidence — Sufficiency.

In a prosecution for illegally transporting and having in possession spirituous and intoxicating liquors, evidence as to defendant's guilt, *held*, sufficient to present a question of fact for the jury.

3. SAME—DUPLICITY—ELECTION OF COUNTS.
    Election between counts cannot be required on the ground
        that distinct offenses are charged, where they are com-
        mitted by the same acts, at the same time, and the same
        testimony must be relied on for conviction.

Exceptions before judgment from Ottawa; Cross (Orien S.), J.  Submitted April 16, 1920.  (Docket No. 116.)  Decided June 7, 1920.  Rehearing denied July 20, 1920.

Louis Grabiec was convicted of violating the liquor law.  Affirmed.

*Charles E. Misner*, for appellant.

*Fred T. Miles*, Prosecuting Attorney, for the people.

CLARK, J.  Defendant was convicted under an information charging him with having unlawfully transported and had in his possession a quantity of spirituous and intoxicating liquors.  The information was based upon section 2 of Act No. 338, Pub. Acts 1917, as amended by Act No. 53, Pub. Acts 1919:

"SEC. 2. It shall be unlawful for any person, directly or indirectly, himself or by his clerk, agent or employee, to manufacture, sell or keep for sale, give away, barter, furnish or otherwise dispose of, or to import, transport, or have in possession any vinous, malt, brewed, fermented, spirituous or intoxicating liquors; or any mixed liquor or beverages, any part of which is intoxicating; or to keep a saloon or any other place where such liquors are manufactured, sold, stored, possessed, given away or furnished in this State, on and after the first day of May, nineteen hundred eighteen, except as herein otherwise provided."

Defendant contends that the information is defective in not negativing the exceptions contained in the amended act and in not stating:

"The said intoxicating liquors not being then and there so possessed for medical, chemical, mechanical, scientific or sacramental purposes."

With this contention we do not agree. Said section 2 is an enacting clause.

"The rule, however, in this State is well established that in declaring on a statute where there is an exception in the enacting clause, the pleader must negative the exception, but where there is no exception in the enacting clause, but an exemption in the proviso to the enacting clause or in a subsequent section of the act, it is a matter of defense and must be shown by the defendant." *People* v. *Kenyon,* 201 Mich., at page 651.

See, also, *Meyers* v. *Carr,* 12 Mich., at page 71; *People* v. *Phippin,* 70 Mich. 6; *People* v. *Pendleton,* 79 Mich. 317; *People* v. *Schuler,* 136 Mich. 161.

And it seems that when the exceptions are not set forth in the enacting clause, but are adopted into such clause merely by reference, the pleader need not negative the exceptions. In *People* v. *Kenyon, supra,* the information was based on section 7, Act No. 237, Pub. Acts 1899 (2 Comp. Laws 1915, § 6730). Said section 7 contained a mere reference to the exceptions and it was held that the information need not negative the exceptions.

Defendant requested that a verdict be directed in his favor claiming that there was no evidence that he was guilty of the offense charged. There was testimony that on the afternoon of May 14, 1919, defendant and one Popolowski came from Muskegon to the home of one Kochel in Grand Haven where they remained until about 9 o'clock that evening when defendant at Kochel's request went to a livery and hired a driver and automobile to go to Muskegon, paying therefor the sum of $10. The driver with defendant then went to Kochel's home where defendant assisted in loading into the car 2 kegs of whisky, 5 suitcases and a burlap sack containing whisky in bottles, in all 40 gallons. The three men above named then got into

the car with the driver and the trip to Muskegon was begun. When the car had gone some 10 or 15 feet officers stopped them and defendant's arrest followed. There was also testimony that defendant had a business errand to Grand Haven that day, that he was to ride back to Muskegon in the car as Kochel's guest and that, although he assisted in loading the liquor into the car, he did not know that the packages contained intoxicating liquor until after his arrest. The trial court properly determined that there was an issue of fact for the jury.

Defendant also complains that the information, warrant, and complaint are bad for duplicity, charging two offenses, viz.: transporting spirituous and intoxicating liquors, and having the same in possession, and that the court was in error in not granting defendant's motion made at the beginning of the trial that the prosecution elect upon which charge it would proceed.

"While it is true that, as a general rule, where several cognate acts are forbidden in one section of a statute disjunctively, the indictment may ordinarily charge them conjunctively in one count, if the reference is to one transaction, for which a single penalty is incurred, it is also true that where each forbidden act may be set up as a distinct offense, but several are united, the count is good in such case as for one combined act." *People* v. *Keefer,* 97 Mich., at page 17.

"Election between counts cannot be required on the ground that distinct offenses are charged, where they are committed by the same acts, at the same time, and the same testimony must be relied on for conviction." *People* v. *Warner,* 201 Mich., at page 553.

See, also, *Van Sickle* v. *People,* 29 Mich. 61; *People* v. *McKinney,* 10 Mich. 54; *People* v. *Dyer,* 79 Mich. 480; *People* v. *Sweeney,* 55 Mich. 586; *People* v. *Summers,* 115 Mich. 537.

The testimony related to one transaction. In such a case, under the authorities above cited, no election

is necessary for defendant's protection. Defendant's contentions in this regard are not sustained.

We have examined the other assignments of error. No reversible error appearing, the conviction is affirmed. The cause is remanded. The court may proceed to judgment.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.