PEOPLE *v.* HORTON.

1. INTOXICATING LIQUORS—TRIAL—MOTION FOR RETURN OF LIQUOR PROPERLY DENIED.

In a prosecution for a violation. of the prohibition law by unlawful possession and sale of intoxicating liquors, a motion for the return to defendant of glasses and contents consisting of liquor containing a very considerable quantity of alcohol, made after the jury had been examined and before they were sworn; was properly denied where said motion was not supported by any affidavit setting up the facts as to the manner in which possession of them had been obtained, and the record fails to furnish any information from which the court could at that time have been apprised of such facts.

2. SAME—CONVICTION WILL NOT BE REVERSED WHERE NO ERROR DISCLOSED.

Where no error is disclosed by the record, the Supreme Court will not reverse a conviction of a violation of the prohibition law for the reason stated in defendant's brief, "That what was done by the deputies of the sheriff * * * violated defendant's rights as guaranteed to him," by certain provisions of the State and Federal Constitutions.

Exceptions before judgment from Hillsdale; Chester (Guy M.), J.    Submitted June 14, 1923.    (Docket No. 100.)    Decided July 19, 1923.

Chauncey Horton was convicted of violating the liquor law.    Affirmed.

*Paul W. Chase* and *Merton Fitzpatrick,* for appellant.

*J. Culver Riggs,* Prosecuting Attorney (*W. D. Grommon,* of counsel), for the people.

SHARPE, J.    On exceptions before sentence defendant reviews his conviction of a violation of the State prohibition law, in which he was charged with the unlawful possession and sale of intoxicating liquor.

To understand the errors complained of, it is necessary to refer to the evidence.    The undersheriff and the deputy sheriff of the county of Hillsdale testified that on August 17, 1921, they went into a place fitted up with a counter or bar and saw defendant serve certain persons with glasses of liquor; that they took possession of the liquor.    It was afterwards analyzed and found to contain a very considerable quantity of alcohol. This prosecution followed.    After the jury had been examined and before they were sworn, defendant's counsel moved to quash the information for reasons unnecessary to state as counsel do not discuss the action of the court in overruling this motion.    Counsel then made the following motion:

"The defendant, Chauncey Horton, by his attorneys, Paul W. Chase and Merton Fitzpatrick, respectfully move the court that the glasses and contents heretofore seized by the deputies of William H. Bates, sheriff, be returned to this respondent by William H. Bates, sheriff of Hillsdale county, Michigan, for the reason that no search warrant was ever issued for the purpose of searching the premises of this respondent by

deputies of William H. Bates, sheriff of Hillsdale county, Michigan, but what said deputies did in the premises violates art. 2, § 10, of the Constitution of the State of Michigan."

Counsel then orally stated certain facts, in substance those outlined above, and asked "that the liquor or cider gotten in this case be restored to the defendant," whereupon, and without any remarks on the part of the prosecuting attorney, the court overruled the motion. The trial then proceeded. B. B. Palmer was called as a witness.

"I am one of the deputy sheriffs in Hillsdale county and was on the 17th of August, 1921. I am not personally acquainted with Chauncey Horton, the defendant in this case; I just know him by sight; I know Edward Van Sickle by sight only and I can say the same of John Keller and William Keller.

"*Q.* Do you know whether Mr. Horton is in any business here in Hillsdale?

"*A.* He was that day acting as bartender; I couldn't say whether he owned it or not.

"*Mr. Fitzpatrick:* Just a moment, your honor. We move that that be stricken out, as it is a conclusion of the witness.

"*The Court:* It may be stricken out, so far as the expression is concerned.

"*Mr. Fitzpatrick:* Now, I move that this witness for the reason that no search warrant at all was issued in this case, and whatever was done there was done by stealth, and violated the constitutional rights of this defendant, not only art. 2, § 10 of the Constitution, which as heretofore cited, but also section 16, article 2, of the Constitution of this State, and also the fourth and fifth Amendments to the Federal Constitution.

"*The Court:* You may take the answer.

"*Mr. Fitzpatrick:* Exception."

No further or other objection was interposed to the testimony of the officers or the introduction of the liquor in evidence.

Upon the record here presented, the trial court was clearly right in the rulings made. The motion for

the return of the glasses and liquor was not supported by any affidavit setting up the facts as to the manner in which possession of them had been obtained, nor does the record furnish any information from which the court could at that time have been apprised of such facts.    There was no admission or statement made by the prosecuting attorney conceding that the facts stated in the motion were true.    No question appertaining thereto was put to the witness Palmer at the time the objection to his testimony was made. To reverse this case for the reason stated by defendant's counsel in their brief, "That what was done by the deputies of the sheriff of Hillsdale county violated defendant's rights as guaranteed to him" by certain provisions of the State and Federal Constitutions, we must find that prejudicial error was committed by the trial court in overruling their motions.    No such error is disclosed.    We therefore do not feel called upon to consider whether the liquor was properly received in evidence.    The information charged both the unlawful possession and sale.    There was but one count.    The distinction between such a charge and one in which the proofs showed an unlawful possession on a particular day supporting one count and a sale on a different day supporting another count is pointed out in *People* v. *Czckay*, 218 Mich. 660.    The facts here presented bring it within the rule stated in *People* v. *Grabiec*, 210 Mich. 559, and cases cited.

The conviction is affirmed.    The trial judge will proceed to sentence.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.