PEOPLE v. LUSK.

1. INDICTMENT AND INFORMATION — INTOXICATING LIQUORS — ELECTION OF COUNTS.

In a prosecution for violation of the prohibition law, where the information contained three counts, viz., an unlawful sale, unlawful possession, and unlawful transportation of three pints of alcoholic mixture, and the evidence of one transaction was alike applicable to each count, and each count was sustained by the same testimony, an election by the prosecutor as to which count he would proceed under was unnecessary.

2. CRIMINAL LAW — PROSECUTING ATTORNEYS SHOULD NOT MAKE UNSWORN STATEMENTS.

Prosecuting attorneys should not make unsworn statements of facts within their knowledge in the presence of the jury.

3. SAME—CURING ERROR—APPEAL AND ERROR.

Error in permitting the prosecuting attorney to make an unsworn statement as to what an apparently hostile witness had told him before court opened was cured by the sworn testimony of said witness confirming the prosecutor's unsworn statement.

4. WITNESSES — ABUSE OF DISCRETION — CROSS-EXAMINATION OF HOSTILE WITNESS PERMISSIBLE.

Where a witness for the people developed a lapse of memory and a hostile attitude toward the prosecution, the trial judge did not abuse his discretion in permitting the prosecuting attorney to cross-examine him.

Exceptions before judgment from Jackson; Williams (Benjamin), J. Submitted October 24, 1923. (Docket No. 140.) Decided December 19, 1923.

Jasper H. Lusk was convicted of violating the liquor law. Affirmed.

*F. L. Blackman,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J.    The testimony offered by the people tended to show that while defendant's automobile was standing in front of the Orpheum hotel on Pearl street in the city of Jackson, he delivered to one Harrington intoxicating liquors.    There were three counts in the information summarized in defendant's brief as follows:

"*First.* An unlawful sale of intoxicating liquors on March 3, 1923, to one Earl Harrington.
"*Second.* The unlawful possession on March 3, 1923, of three pints of an alcoholic mixture.
"*Third.* The unlawful transportation of three pints of an alcoholic mixture, all of these offenses being. charged as a second offense."

Defendant's counsel on at least two occasions asked that the prosecutor be required to elect upon which count he desired the case to go to the jury.    This was refused and the jury found defendant guilty under all three of the counts.    It is here insisted that under the case of *People* v. *Czckay,* 218 Mich. 660, this was error.    In that case it was said:

"This case does not belong to that class of cases in which although there are different counts they are all sustained by the same testimony, were committed by the same acts at the same time, of which class of cases *People* v. *Grabiec,* 210 Mich. 559, is illustrative. In that case the information charged transportation and possession of liquor.    Manifestly if defendant in that case was transporting liquor he had it in his possession, and the same testimony of the same act at the same time established the charge under each count.    But it must be equally manifest that evidence of a sale of a pint of liquor to Cooper on the 24th was not evidence that defendant had two gallons of

liquor in his possession on the 26th; nor was evidence that defendant had two gallons of liquor in his possession on the 26th evidence that he sold Cooper a pint on the 24th.    They were two separate and distinct acts, each constituting a separate and distinct violation of the law."

The distinction there pointed out is the distinction applicable here.    Here the evidence of the one transaction is alike applicable to each count; each count is sustained by the same testimony.    There the testimony of one of the transactions was applicable to one count but not applicable to the other.    There an election should have been required; here it was not necessary.

Harrington's name was indorsed on the information and he was called as a witness by the prosecuting attorney.    He speedily developed a lapse of memory and an attitude at least not favorable to the prosecution, and the prosecutor commenced to cross-examine him.    Defendant's counsel objected to the prosecuting attorney cross-examining his own witness and the following occurred:

"*Mr. Simpson:* May it please the court, I talked with Mr. Harrington about this case before he came in here this morning.

"*A.* I told you I wasn't positive.

"*The Court:* Wait a minute.

"*Mr. Simpson:* He told me at that time he didn't know where he got this liquor from, whether from the seat of the car or whether it was in his pockets, where it was, he simply knew he handed it to him.

"*The Court:* In view of the prosecutor's statement, I overrule the objection."

Defendant's counsel asked that the prosecutor's statement be stricken out, and here insists that it was error to permit his unsworn statement to stand, that it was prejudicial, and that permitting him to cross-examine Harrington also constituted reversible error. Prosecuting attorneys should not make unsworn state-

ments of facts within their knowledge in the presence of the jury (*People* v. *Williams,* 159 Mich. 518), but if erroneously made the error was cured in the instant case by the fact that the witness by his own sworn testimony in the case confirmed the unsworn statement of the prosecutor. Nor do we think the trial judge abused his discretion in permitting the prosecuting attorney to cross-examine this witness. The witness showed hostility and his cross-examination was more conducive, if not absolutely necessary, to eliciting the truth. We do not perceive reversible error in the rulings of the trial judge complained of nor from the fact that he himself asked this witness several questions. His attitude towards defendant and his case was eminently fair during the trial and no prejudicial error appears on this record.

The conviction will be affirmed and the case remanded for sentence.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.