PEOPLE *v.* OESTERLE.

1. INTOXICATING LIQUORS — INDICTMENT AND INFORMATION — MIS-JOINDER OF COUNTS—APPEAL AND ERROR.
   In a prosecution for violation of the prohibition law, where the information contained three counts, and the third count was eliminated on motion of defendant, but no further objection made by him, he may not object,

on error, that there was a misjoinder of the first and second counts.

2. SAME—ELECTION OF COUNTS NOT REQUIRED WHERE SAME EVIDENCE APPLICABLE TO BOTH COUNTS.

Where the first count alleged illegal possession of intoxicating liquors, and the second count alleged the illegal keeping of a place where intoxicating liquors were sold, and the evidence which the court permitted to stand related to the same times and the same transactions, no election between the two counts was necessary.

3. SAME—SEARCH WARRANT—APPEAL AND ERROR.

An objection that the search warrant was void because not served until three days after it was issued, comes too late when made for the first time in the Supreme Court.

Exceptions before judgment from Jackson; Williams (Benjamin), J. Submitted October 11, 1923. (Docket No. 124.) Decided December 19, 1923.

John J. Oesterle was convicted of violating the liquor law. Affirmed.

*F. L. Blackman,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

MOORE, J. This case is here on exceptions before sentence. The defendant was convicted of a violation of the liquor law. The information as originally filed contained three counts. On motion of the defendant the third count was eliminated, leaving the charge as follows:

"1. He did, on November 25th, 1921, and for fifteen days preceding that date, unlawfully have in his possession certain intoxicating liquors, to-wit: Twenty-four pints of Lash's Bitters, so-called; 25 pints of flavoring extract, so-called; 2 barrels fermented cider; 24 pints Bordeaux extract, so-called; 1 quart Wine of Pepsin, so-called.

"2. He did, on the 25th day of November, 1921, and on divers days and times between that date and May 1st, 1918, keep a place where intoxicating liquors were manufactured, sold, etc." .

We quote from the brief of counsel:

"It is the claim of the respondent that there was a misjoinder of counts as between the first and second counts of the information, and that the prosecuting attorney should have been required to elect as between these two counts.

"We claim this case is ruled by *People* v. *Czckay,* 218 Mich. 660."

There are two replies to this contention, *first,* that when on his motion the third count was eliminated, defendant was apparently content as no further objections were made, and *second,* the evidence as to the two counts which were permitted to stand, related to the same times and the same transaction.

In the case of the *People* v. *Czckay, supra,* it is said in part:

"If the counts are sustained by the same testimony, were committed by the same acts at the same time, no election is necessary."

This case so far as applicable is against the contention of the defendant and is authority for what was done.

Defendant contends the search warrant was void because not served until three days after it was issued, citing *State* v. *Guthrie,* 90 Me. 448 (38 Atl. 368). It is an answer to this that there was no such contention made upon the trial. The objection then made was that the affidavit did not justify the issuance of a search warrant.

It is now admitted, we quote from the brief:

"The affidavit and search warrant seem to be regular on their face."

If the present objection had been made upon the

trial an opportunity would have been given to show the circumstances surrounding the service of the search warrant. We discover no reversible error.

The case is remanded for further proceedings.

WIEST, C. J., and FELLOWS, McDONALD, SHARPE, and STEERE, JJ., concurred with MOORE, J.

CLARK and BIRD, JJ., concurred in the result.