PEOPLE *v.* STRICKLAND.

1. CRIMINAL LAW—QUESTIONS REVIEWABLE—SEARCHES AND SEIZURES. In prosecution for unlawfully selling alcoholic liquor and with unlawfully keeping and possessing the same for sale, question of unlawful search and seizure not having been presented to trial court will not be considered on appeal (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

2. SAME—INTOXICATING LIQUORS—EVIDENCE.

In prosecution for unlawfully selling alcoholic liquor and with unlawfully keeping and possessing the same for sale, evidence that police officer, on complaint of operation of "blind pig" at defendant's premises, entered with another man and latter's woman companion at 3:50 a.m., was served with liquor by a waiter to whom officer paid $1 which was in turn paid defendant was sufficient to sustain a conviction (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—CUMULATIVE TESTIMONY.

Denial of motion for new trial on ground of newly-discovered evidence was proper where proposed testimony was merely cumulative and no showing was made that defendant had made any effort to produce the additional witness at the trial.

4. CRIMINAL LAW—GENERAL DETERMINATION BY COURT IN NONJURY CASE—AMENDMENT—INTOXICATING LIQUORS.

In prosecution for unlawfully selling alcoholic liquor and for unlawfully keeping and possessing the same for sale, tried without a jury, court's general conviction of defendant was erroneous and was not curable by amendment so as to eliminate conviction on count as to possession (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

BOYLES, C. J., dissenting.

Appeal from Recorder's Court of Detroit; Stein (Christopher E.), J. Submitted April 15, 1943. (Docket No. 83, Calendar No. 42,109.) Decided June 30, 1943.

Willa C. N. Strickland was convicted of unlawful sale of intoxicating liquor. Reversed and remanded for new trial.

*Daniel P. O'Brien,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Edward M. Welch* and

*Harold Helper,* Assistant Prosecuting Attorneys, for the people.

BUSHNELL, J. Defendant, Willa C. N. Strickland, was charged with unlawfully selling alcoholic liquor and with unlawfully keeping and possessing the same for sale. She waived a trial by jury and was convicted by the trial judge and sentenced to be confined in the Detroit house of correction for a term of not less than six months nor more than one year. After imposition of the sentence the trial judge amended the judgment by finding the defendant guilty on the selling count in the information and dismissing the count as to possession.

Defendant argues on appeal that the evidence was not sufficient to sustain the conviction, and that the court erred in denying her motion for new trial. She also asserts that the complaining officer made an unlawful search and seizure in violation of her constitutional rights, and that the court erred in amending the finding after sentence was pronounced without reducing the period of confinement.

The question of unlawful search and seizure was not presented to the trial court and will not be considered here.

The testimony shows that about 3:50 in the morning a police officer went to the premises at 441 Alfred street on a "complaint of a blind pig there." The officer testified that, as he reached the front door another man and his woman companion arrived; that the defendant admitted him with them and he was directed to the kitchen, where a waiter served him some liquor; that he paid the waiter $1, which the waiter gave to the defendant in his presence. This was disputed by the defendant, who testified in her own behalf. The testimony is sufficient to sustain a conviction.

The motion for a new trial on the ground of newly-discovered evidence was supported by the affidavit of one Charles Carlisle, who claimed that he was present at the time but knew nothing of defendant's arrest until he read about it in a newspaper. His affidavit indicates that his testimony would be in accord with that of the defendant. Defendant's only explanation for not calling Carlisle as a witness is that he "was not available." The testimony which Carlisle proposed to give is merely cumulative, and there is no showing that defendant made any effort to produce him at the time of the trial.

The trial judge could not cure his erroneous general finding of guilty by amending that finding. *People* v. *Powers,* 272 Mich. 303. See, also, *People* v. *Stuart,* 274 Mich. 246.

The finding and sentence of the court are vacated and a new trial granted.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred with BUSHNELL, J.

BOYLES, C. J. (*dissenting*). I cannot agree with the conclusion that the general finding of guilty as originally announced by the court was erroneous. I think it was a proper finding. The sentence imposed on this finding was in conformity with the statute (Act No. 8, § 50, Pub. Acts 1933 [Ex. Sess.] [Comp. Laws Supp. 1940, § 9209–65, Stat. Ann. § 18.1021]), and should not be reversed.

In this case, the defendant was charged in count one with unlawful sale of alcoholic liquor without having a license from the liquor control commission, and in count two with unlawfully keeping alcoholic liquor for sale without such license. The sale, and the keeping for sale, both are forbidden under the same penal section of the liquor control act, Act No.

8, § 32, Pub. Acts 1933 (Ex. Sess.), as amended by
Act No. 281, Pub. Acts 1937 (Comp. Laws Supp.
1940, § 9209–47, Stat. Ann. 1942 Cum. Supp.
§ 18.1003). The penalty, both for the sale and for
keeping for sale, is the same and is imposed by sec-
tion 50 of the act (Act No. 8, Pub. Acts 1933 [Ex.
Sess.] [Comp. Laws Supp. 1940, § 9209–65, Stat.
Ann. § 18.1021]). Violation of the act either by
sale or by keeping for sale is made a felony, with
the same punishment for both. The sentence in the
case at bar was within the provisions of section 50.
This is not such a case as *People* v. *Stuart,* 274 Mich.
246, cited by Mr. Justice BUSHNELL. The defendant
in that case was charged in the first count with
the crime of embezzlement contrary to the provi-
sions of Act No. 328, § 174, Pub. Acts 1931 (penal
code) (Comp. Laws Supp. 1940, § 17115–174, Stat.
Ann. § 28.371). Under that section, the penalty for
embezzlement (if the value of the property exceeds
$50) is imprisonment for not more than 10 years or
by fine not exceeding $5,000. The defendant was
also charged in a second count with larceny by
conversion contrary to the provisions of Act No.
328, § 362, Pub. Acts 1931 (penal code) (Comp. Laws
Supp. 1940, § 362, Stat. Ann. § 28.594). The penalty
under this count (penal code, Act No. 328, § 356, Pub.
Acts 1931 [Comp. Laws Supp. 1940, § 17115–356,
Stat. Ann. § 28.588]), if the property exceeds $50 in
value, is imprisonment not exceeding 5 years or by
fine not exceeding $2,500. Consequently, in the
*Stuart Case, supra,* this court held that a general
verdict of guilty as charged without disclosing
whether the conviction was under the first or the
second count necessarily resulted in a mistrial, be-
cause in the two counts the defendant was charged
with two separate and distinct offenses under dif-
ferent sections of the penal code, punishable by dif-

ferent penalties. Almost exactly the same situation
as arose in the *Stuart Case* again came before this
court in *People* v. *Powers,* 272 Mich. 303, relied
upon by Mr. Justice BUSHNELL for reversal. In the
*Powers Case,* the defendant was charged in one
count with receiving stolen property, and in a sec-
ond count with larceny. This court held that the
general verdict of guilty should not have been ac-
cepted, but declined to reverse because the issue of
former acquittal or former jeopardy was not timely
raised. The case now before us could properly have
been submitted to a jury without requiring an elec-
tion between counts, and a general finding of guilty
on trial by the court without a jury was proper.

"The joinder in one information, in separate
counts, of two or more offenses, which, though dis-
tinct in point of law, yet spring out of the same
transaction, and are covered by the same testimony,
cannot operate to the legal prejudice of the accused,
and is permissible, and when distinct offenses are so
committed and so charged, the people are not obliged
to elect. *People* v. *Sweeney,* 55 Mich. 586; *People* v.
*McDowell,* 63 Mich. 229; *Van Sickle* v. *People,* 29
Mich. 61; *People* v. *Sessions,* 58 Mich. 594, 597;
*People* v. *Summers,* 115 Mich. 537, 543. See, also,
*People* v. *Prague,* 72 Mich. 178; *People* v. *Durham,*
170 Mich. 598, 604.   *   *   *

"We are of the opinion that the circuit judge did
not err in his ruling upon this subject.

"As was stated in *People* v. *Sweeney, supra*:

" 'Election between counts cannot be required on
the ground that distinct offenses are charged, where
they are committed by the same acts, at the same
time, and the same testimony must be relied on for
conviction.'

"This has been the rule in this State for many
years, and in our opinion the cases cited by the
learned circuit judge, in his denial of the motion for

a new trial, are applicable here." *People* v. *Warner,* 201 Mich. 547.

Almost the same question has been before us in *People* v. *Grabiec,* 210 Mich. 559. The defendant claimed that the information was bad for duplicity because it charged two offenses, namely, transporting intoxicating liquor, and having the same in possession, and that the court erred in not granting the defendant's motion to compel the prosecutor to elect upon which charge it would proceed. As in the case at bar, the two offenses were forbidden under one and the same section of the liquor control act, were committed by the same acts, at the same time, and the same testimony relied on for conviction. This court sustained the general verdict, citing numerous Michigan decisions.

In *People* v.. *Oesterle,* 225 Mich. 489, the defendant was charged in the first count with illegal possession of intoxicating liquor, and in the second count with the illegal keeping of a place where intoxicating liquors were sold. The defendant was convicted of violating the liquor law as charged, and the general verdict was sustained by this court.

In the case now before us, if the general finding of guilty of violating the liquor law was a proper finding, the subsequent attempt of the court to amend the finding by electing between counts does not make it a void finding. No attempt was made to change the sentence, and, it being a proper sentence within the penal section of the act, must be sustained.

The conviction and sentence·should not be reversed.