## PEOPLE *v.* WALKER.

1. CRIMINAL LAW—DUE PROCESS—EVIDENCE—APPEAL AND ERROR—PRESERVING QUESTION.

   Argument by defense counsel that a statement of the accused was improperly admitted into evidence because it was taken before the accused was advised of his right to the assistance of counsel will not be heard by the appellate court when the statement was put into evidence at the trial by the defendant, and at no time during the trial did he object to its admission.

2. EVIDENCE—EXAMINATION OF WITNESSES—LEADING QUESTIONS.

   Under certain conditions it is permissible for counsel to treat his own witness as a hostile witness and to ask him leading questions, permission to do this being within the discretion of the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2, 3] 58 Am Jur, Witnesses §§ 799, 801, 802.

3. Same — Witnesses — Hostile Witnesses — Determination of Hostility.

> Denial by the trial court, on the ground that the record did not support defense counsel's position, of a motion by defense counsel to be allowed to examine a prosecution witness previously declared hostile to the prosecution out of the presence of the jury for the purpose of determining whether he was still hostile *held*, not an abuse of discretion.

Appeal from Oakland, Thorburn (James S.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 3,589.)    Decided August 29, 1968. Leave to appeal denied by Supreme Court December 20, 1968.  381 Mich 795.

James S. Walker was convicted of second-degree murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*John W. Appleford,* for defendant on appeal.

T. G. KAVANAGH, J.  Defendant appeals his conviction of second-degree murder (CL 1948, § 750.317 [Stat Ann 1954 Rev § 28.549]), asserting 2 claims of error:

1. The admission into evidence of a statement taken from him before he had been properly advised of his right to counsel;

2. The refusal of the trial court to permit defense counsel to examine a prosecution witness out of the presence of the jury to determine if he had ceased to be a "hostile witness."

There is no merit to defendant's first claim of error. The statement was admitted into evidence by defendant, and at no time during the trial did he object to its admission. See *People* v. *Ridley* (1967), 8 Mich App 549.

It is sometimes proper for a party to treat his own witness as a hostile witness and to ask him leading questions. *People* v. *Lusk* (1923), 225 Mich 642. In the case at bar defendant acquiesced in the people's motion to so treat witness Chambliss. However, the court adjourned for the day in the midst of the prosecutor's cross-examination of this witness. When the cross-examination was resumed the next day, defense counsel made his motion to examine the witness out of the presence of the jury. The court denied the motion on the ground that the record did not yet support defendant's position that the witness' testimony was different than his testimony of the previous day, and that he could no longer be considered hostile. The court expressly made its ruling without prejudice to a renewal of defendant's motion if the record should later on support his position. However, defense counsel did not renew his motion. We hold that the court did not abuse his discretion in denying the motion.

Affirmed.

QUINN, P. J. and CORKIN, J. concurred.