PEOPLE v NICOLAIDES

Docket No. 85869. Submitted October 29, 1985, at Lansing.—Decided December 17, 1985.

Defendant, Deano Nicolaides, was charged in separate counts with operating a motor vehicle under the influence of intoxicating liquor and with operating a motor vehicle while having a blood alcohol content of 0.10% or higher. The 48th District Court granted defendant's motion to require the prosecutor to elect between the counts. The prosecutor applied for leave to appeal and the Oakland Circuit Court, T. John Lesinski, J., denied the application. The prosecutor appealed by leave granted. *Held:*

The counts charge violations of different subsections of the same statutory section. The district court correctly held that the prosecutor could not proceed on a multi-count complaint. The court erred, however, in precluding the prosecutor from proceeding on alternative theories, insisting instead on a prosecutorial election between theories.

Affirmed in part, reversed in part and remanded.

PROSECUTING ATTORNEYS — CHARGING FUNCTION — MULTIPLE COUNT INFORMATION.

It is improper for a prosecutor, as a result of a single transaction, to charge the violation of several subsections of a single statute in separate counts of an information; the prosecutor should charge the violation of the statute in a single count and then proceed on alternative theories.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Indictments and Informations §§ 66 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Indictment or Information.

*S. James Clarkson,* for defendant.

Before: R. M. MAHER, P.J., and J. H. GILLIS and WAHLS, JJ.

PER CURIAM. On motion for rehearing of this Court's order of September 27, 1985, peremptorily reversing a decision of the trial court on the prosecutor's application for leave to appeal pursuant to MCR 7.205(D)(2), the parties being in agreement that the issue is one which frequently arises in the criminal trial courts of this state, we have elected to resolve this matter through issuance of this per curiam opinion. *Manuel v Dep't of Corrections,* 140 Mich App 356, 357; 364 NW2d 334 (1985).

In an original complaint filed by the Oakland County Prosecuting Attorney in 48th District Court, defendant was charged with operating a motor vehicle under the influence of intoxicating liquor, in violation of § 625(1) of the Michigan Vehicle Code, MCL 257.625(1); MSA 9.2325(1), and with operating a motor vehicle while having a blood alcohol content of .10% or higher, in violation of § 625(2) of the Michigan Vehicle Code, MCL 257.625(2); MSA 9.2325(2).

While the offenses are defined in separate subparagraphs of § 625 of the Michigan Vehicle Code, the results of a conviction under either subparagraph are indistinguishable in terms of the range of sentencing alternatives and restrictions on driving privileges.

The district court granted defendant's motion to require the prosecutor to elect between the counts, *i.e.,* to proceed on either one count or the other exclusively. The Oakland County Circuit Court denied the prosecutor's interlocutory application for leave to appeal, following which the prosecutor

filed the present application for leave to appeal in this Court.

As a general rule, distinct criminal charges which do not arise out of the same transaction cannot be concatenated in one information or other charging document. Correlatively, it is generally permissible to charge in a single information all offenses which do arise out of a single criminal transaction or occurrence.

Prosecutorial elections between counts which arise from the same transaction but charge different offenses may not be required:

"Defendant also complains that the information, warrant, and complaint are bad for duplicity, charging two offenses, viz: transporting spirituous and intoxicating liquors, and having the same in possession, and that the court was in error in not granting defendant's motion made at the beginning of the trial that the prosecution elect upon which charge it would proceed.

" 'While it is true that, as a general rule, where several cognate acts are forbidden in one section of a statute disjunctively, the indictment may ordinarily charge them conjunctively in one count, if the reference is to one transaction, for which a single penalty is incurred, it is also true that where each forbidden act may be set off as a distinct offense, but several are united, the count is good in such case as for one combined act.' *People v Keefer,* 97 Mich [15, 17; 56 NW 105 (1893)].

" 'Election between counts cannot be required on the ground that distinct offenses are charged, where they are committed by the same acts, at the same time, and the same testimony must be relied on for conviction.' *People v Warner,* 201 Mich [547, 553; 167 NW 878 (1918)].

"See, also, *Vansickle v People,* 29 Mich 61 [1874]; *People v McKinney,* 10 Mich 54 [1862]; *People v Dyer,* 79 Mich 480 [44 NW 937 (1890)]; *People v Sweeney,* 55 Mich 586 [22 NW 50 (1885)]; *People v Summers,* 115 Mich 537 [73 NW 818 (1898)].

"The testimony related to one transaction. In such a case, under the authorities above cited, no election is necessary for defendant's protection. Defendant's contentions in this regard are not sustained." *People v Grabiec,* 210 Mich 559, 562-563; 178 NW 55 (1920).

Ordinarily, a defendant's rights can be protected by limiting the prosecution to one final conviction. See, *e.g., People v Wilder,* 411 Mich 328; 308 NW2d 112 (1981). In such situations, as long as there is evidence on each of several alternative theories, the prosecution need make no election until after the jury returns its verdict. *People v Bufkin (On Rehearing),* 48 Mich App 290, 293; 210 NW2d 390 (1973), *aff'd* 395 Mich 434; 236 NW2d 500 (1975).

In the present case, the prosecutor has filed a two-count complaint. This is improper, since only one statute is involved.

What the prosecutor may do, however, in the context of a single-count complaint, is to list alternative theories. Thus, in *People v Willie Johnson,* 406 Mich 320, 331; 279 NW2d 534 (1979), the Court held:

"The fact that a sexual penetration happens to be accompanied by more than one of the aggravating circumstances enumerated in the statute may well ease the burden upon the prosecution in attaining a conviction under MCL 750.520b; MSA 28.788(2), but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing.[3]

---

"[3] This does not preclude a prosecutor from listing in an information each of the aggravating circumstances enumerated in the statute which may happen to accompany a single sexual penetration or contact; nor does it preclude a prosecutor from arguing the separate circumstantial basis upon which a jury can return a verdict of either guilty or not guilty of one count of criminal sexual conduct in the first degree."

Accord: *People v Kyllonen,* 402 Mich 135, 149, fn 15; 262 NW2d 2 (1978), where the Court suggested that the prosecutor could charge the defendant, in the alternative, with both larceny and receiving and concealing stolen property, in order to prevent the defendant from evading conviction on a charge of receiving and concealing by testifying that he was the thief.

What defendant proposes in the present case is to force the prosecutor to elect, so that if the prosecutor elects to proceed under § 625(1), defendant may admit that his blood alcohol level was .10% or greater, but claim he was not under the influence nonetheless, whereas, if the prosecutor elects under § 625(2), defendant may admit that his driving was impaired but deny that his blood contained as much as .10% alcohol by weight. *Kyllonen* resolved this dilemma by permitting the prosecutor to proceed on alternate theories.

Therefore, in the present case the district court correctly held that the prosecutor could not proceed on a multi-count complaint; the court erred, however, in precluding the prosecutor from proceeding on alternative theories, insisting instead on a prosecutorial election between or among theories. In that respect, the decision of the district court is modified. MCR 7.205(D)(2).

At trial, the trier of fact, judge or jury, may then return a general verdict regarding the charged violation of § 625 of the Michigan Vehicle Code. *People v Fullwood,* 51 Mich App 476, 481; 215 NW2d 594 (1974).

Affirmed in part and modified in part; remanded for further proceedings. This Court retains no further jurisdiction.