## PEOPLE *v.* GILL.

1. CRIMINAL LAW—ARRAIGNMENT—PRESENCE OF COUNSEL—ELEMENTS OF CRIME.

    Presence of counsel at an arraignment and taking of a plea of guilty does not in all cases warrant the inference that a defendant is apprised of the charge against him, but in case where defendant's counsel waived the reading of the information and told the court the defendant was familiar with the charges, which the defendant affirmed, the defendant was fully informed as to the elements of the crime charged.

2. FORGERY—INTENT TO DEFRAUD.

    Intent to defraud, an element of the crime of forgery, may be shown by the subsequent use of the forged instrument to defraud (CL 1948, § 750.248, as amended by PA 1964, No 101).

3. SAME—INTENT TO DEFRAUD—REPAYMENT.

    Intent to defraud in forgery of a money order by raising its amount is not negated by an intention to repay, sometime later, the excess amount of money obtained from the person cashing the money order (CL 1948, § 750.248, as amended by PA 1964, No 101).

4. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE.

    A judge must satisfy himself that a plea of guilty was made freely and understandingly with knowledge of its consequences and without undue influence or promise of leniency before he accepts the plea (GCR 1963, 7.85.3[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 325, 327.
[2, 3]  23 Am Jur, Forgery §§ 30, 58, 59.
[4–6]  21 Am Jur 2d, Criminal Law §§ 487–489, 491, 492.

5. SAME—PLEA OF GUILTY—ACCEPTANCE—EXAMINATION OF DEFEND-
ANT.

The form and manner of the examination of the defendant
required to be made by the judge before he accepts the plea
of guilty is left to the discretion of the judge, to be exer-
cised in the manner best suited to the parties and the offense
(CL 1948, § 768.35; GCR 1963, 785.3[2]).

6. SAME—PLEA OF GUILTY—WAIVER OF TRIAL.

A defendant, with benefit of competent counsel, who chooses
to waive his constitutional right to trial on the merits by
freely, voluntarily, and understandingly pleading guilty, after
having been fully informed of the nature of the accusation
and the consequence thereof, is conclusively bound by his
waiver (GCR 1963, 785.3[2]).

Appeal from Kent; Vander Ploeg (Claude), J.
Submitted Division 3 June 6, 1967, at Grand Rapids.
(Docket No. 2,502.)    Decided November 8, 1967.

Albert Gill was convicted of altering a bill of
exchange.    Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Reynolds A. Brander,
Jr.,* Assistant Prosecuting Attorney, for the people.

*Charles T. Zimmerman,* for defendant, on appeal.

WISE, J.  The defendant, Albert Gill, was charged
with altering a bill of exchange[1] and uttering and
publishing a forged instrument.[2]

At the arraignment on the information, while
represented by counsel, the defendant waived the
reading of the information and elected to enter a
plea of guilty to the first count.

---

[1] CL 1948, § 750.248, as amended by PA 1964, No 101 (Stat Ann
1965 Cum Supp § 28.445).
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

The court thereupon questioned the defendant relative to the offense and was satisfied that according to the defendant's own words and statements, all the elements of the crime charged were present. The defendant's statements to the court indicated that he understood the charge lodged against him. The court further questioned the defendant as to the freedom and volition of his plea. The plea was accepted and the defendant was sentenced to prison.

Subsequently, counsel was appointed by the court to represent the defendant in his postconviction review. The defendant moved to withdraw his previous plea of guilty, which was denied and the present appeal followed.

The defendant contends that the trial court erred in not informing him of the elements of the crime with which he was charged. Further, the defendant contends that the record fails to demonstrate that his plea of guilty was advisedly and understandingly proffered in conformity with GCR 1963, 785.3(2). Lastly, the defendant contends that because he had the intention of paying back the amount involved, the necessary element of intent to injure or defraud was not present.

From a reading of the transcript of the arraignment and the plea in this cause, there appears no merit to the defendant's contention that he did not understand the criminal charge lodged against him. In his own words he indicated he was aware of the crime and its attending elements.

The following colloquy reveals none of the abuses the defendant herein alleges:

*"The Court.* Do you desire   * * *   to have the information read at this time?

*"Mr. Tubbs* [counsel for defendant]. I think my client will waive the reading of the information,

if the court please. He is familiar with the charges, are you not, Mr. Gill?

"*Defendant.* Yes, I am."

The presence of counsel does not in all cases warrant the inference that a defendant is apprised of the charge lodged against him. In the instant case, however, the above colloquy and the defendant's affirmation of his counsel's statements, that he was familiar with the charges, certainly leads this Court to conclude that the defendant had been fully informed as to what was charged.

The defendant in a further assignment of error contends that because he had the intention of paying back the money involved, the necessary element of intent to injure or defraud was somehow negated. The transcript of the defendant's testimony at the arraignment reveals the following:

"*Defendant.* I purchased a money order that said $4 in my name and I just raised the amount that said 4, and made it 40, put a 0 at the end of the 4.

"*The Court.* You then cashed it for that amount?

"*Defendant.* Yes."

Having understandingly elected to plead guilty, the defendant cannot excuse himself of the intent to defraud shown by his act of defrauding the person who cashed the forged instrument by saying that at some later time he intended to repay the amount he got for the instrument beyond its actual value. The fraud committed in getting $40 for a $4 money order clearly shows the fraudulent intent of the defendant in raising the amount shown on the order from $4 to $40. We find the language in *People* v. *Clark* (1967), 6 Mich App 526, 530, quoting from *People* v. *Quigley* (1921), 217 Mich 213, 217, 218, particularly applicable. The court states: .

" 'There is no presumption or permissible inference that what they did do they did not intend to do; the presumption is the other way, and upon the trial, from what they did do, the jury could find the intent.

" 'An intent, of course, is a secret of a man's mind, and he can disclose it by declaration or by his actions. And actions sometimes speak louder than words.' "

The trial court in its attempt to fulfill the requirements of the court rule and statute interrogated the defendant in the following manner:

*"The Court.* And I advise you, Mr. Gill, that the maximum penalty that can be imposed is up to 14 years in prison. Do you understand that?
*"Defendant.* Yes, I do. * * *
*"The Court.* The first count in the information is the charge of forgery, and, as your attorney just went over this matter with you, it concerned an American Express money order and that you did forge a portion of this money order. Do you understand that?
*"Defendant.* Yes, sir, I do.
*"The Court.* All right, then, knowing what the charge is, knowing your rights, knowing the maximum penalty that can be imposed as to that count, how do you plead?
*"Defendant.* Guilty, your honor.
*"The Court.* Has anyone made you any promises, threats, abused you in any way, to get you to plead guilty?
*"Defendant.* No, they haven't."

It is settled law that before a judge accepts a plea of guilty, he must satisfy himself that the plea was made freely and understandingly with knowledge of its consequences and without undue influence or promise of leniency. The form and manner of the examination is left to the discretion

of the judge to be exercised in the manner best suited to the parties and the offense. CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058). See, also, *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Coates* (1953), 337 Mich 56; *People* v. *Wurtz* (1965), 1 Mich App 190; *People* v. *Reed* (1965), 1 Mich App 60; *People* v. *Steele* (1966), 4 Mich App 352.

The existing GCR 1963, 785.3(2) reads as follows:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

Where a defendant, with the benefit of competent counsel, has chosen to waive his constitutional right to trial on the merits by freely, voluntarily, and understandingly pleading guilty, after having been fully informed of the nature of the accusation and the consequence thereof, he is conclusively bound by such waiver.

This Court, therefore, finds no merit to the defendant's contentions and is convinced that the spirit and letter of the law have been satisfied. *People* v. *Kearns* (1965), 2 Mich App 60.

We concur in the trial court's determination not to set aside the defendant's plea of guilty.

Judgment affirmed.

HOLBROOK, P. J., and BURNS, J., concurred.