PEOPLE v. LEON MORGAN

1. Criminal Law—Assistance of Counsel—Effective Counsel.
   Relief from a final conviction on the ground of incompetent or
   ineffective counsel will be granted only when the trial was a
   farce, or a mockery of justice, or was shocking to the con-
   science of the reviewing court, or the purported representation
   was only perfunctory, in bad faith, a sham, a pretense, or
   without adequate opportunity for conference and preparation.

2. Criminal Law—Warning of Rights.
   Contention on appeal that defendant was not given *Miranda*
   warnings prior to any conversation with police officers is with-
   out merit where at no time during the course of the trial was
   evidence of any conversation between the defendant and the
   police officers admitted.

3. Criminal Law—Intent.
   Intent may be inferred from the defendant's acts.

Appeal from Kent, John T. Letts, J. Submitted
Division 3 October 13, 1970, at Lansing. (Docket
No. 8,792.) Decided October 27, 1970.

Leon Morgan was convicted of kidnapping. De-
fendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *James K. Miller*,

---

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 315.
[2] 29 Am Jur 2d, Evidence § 545 *et seq.*
   Admissibility of pretrial confession in criminal case—Supreme
   Court cases. 1 L Ed 2d 1735, 4 L Ed 2d 1833, 12 L Ed 2d 1340,
   16 L Ed 2d 1294, 22 L Ed 2d 872.
[3] 21 Am Jur 2d Criminal Law § 82 *et seq.*

Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *Steven R. Servaas,* Assistant Prosecuting Attorney, for the people.

*Gordon A. Doherty,* for defendant on appeal.

Before: McGREGOR, P. J., and QUINN and BRONSON, JJ.

PER CURIAM. Leon Morgan was tried by a jury and convicted on the charge of kidnapping contrary to MCLA § 750.349 (Stat Ann 1954 Rev § 28.581). He was sentenced in the Kent County Circuit Court to a term of 10 to 25 years imprisonment. A timely petition for court-appointed appellate counsel and a subsequent claim of appeal present four issues for review. It is contended that defendant's trial counsel was incompetent. It is contended that the conviction rests upon "flagrantly conflicting testimony." It is contended that defendant was not advised of his rights before communicating with police officers at the time of his arrest. Finally, it is contended that no real evidence of intent to commit the crime charged was presented at the trial. The people have filed a motion to affirm the conviction and sentence on the grounds that it is manifest that the questions presented for review are unsubstantial and warrant no argument or formal submission.

In view of the overwhelming weight of the evidence pointing to defendant's guilt, this Court would be hard pressed to discover a better tactical approach for defending this cause at trial then that taken by defense counsel.

"It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to

the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." *People* v. *Degraffenreid* (1969), 19 Mich App 702, 710.

Defendant's second contention is that the conviction was grounded on "flagrantly conflicting testimony." This allegation is unsupported by the record.

The third contention raised by the defendant is that he was not given the *Miranda* warnings prior to any conversation that existed between him and the police officers. This issue is without merit since at no time during the course of the trial was evidence of any conversation between the defendant and police officers admitted.

The final contention raised by the defendant is that there was no real evidence of criminal intent. This issue is without merit, the element of intent may be inferred from the defendant's acts. *People* v. *Gill* (1967), 8 Mich App 89. The evidence was sufficient to allow the jury to infer the intent of defendant.

Motion to affirm is granted.