PEOPLE v ROHR

1. ASSAULT AND BATTERY—FELONIOUS ASSAULT—SPECIFIC INTENT.
   Specific intent is not an element of the crime of felonious assault (MCLA 750.82).

2. CRIMINAL LAW—FINDINGS OF FACT—NONJURY TRIAL.
   No specific findings of fact are required in a judge-tried criminal case.

3. CRIMINAL LAW—NONJURY TRIAL—REBUTTAL TESTIMONY—EVIDENCE.
   It is not reversible error for a trial judge, in a nonjury case, to allow a restatement of evidence previously given during the trial because this does not of itself constitute an abuse of discretion; and in the absence of proof to the contrary, it is presumed that the trial judge was not prejudiced thereby.

Appeal from Barry, Willard L. Mikesell, J. Submitted Division 3 November 9, 1972, at Detroit. (Docket No. 12770.) Decided March 26, 1973.

Wendell L. Rohr was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David A. Dimmers,* Prosecuting Attorney, for the people.

*Richard S. McMillin,* Assistant State Appellate Defender, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery §§ 20, 51, 92.
[2, 3] 5 Am Jur 2d, Appeal and Error § 839.

Before: LESINSKI, C. J., and FITZGERALD and VAN VALKENBURG,* JJ.

LESINSKI, C. J. In a nonjury trial, defendant was convicted of felonious assault. MCLA 750.82; MSA 28.277.

The charge arose from a dispute between defendant and complainant over the right to cut hay in a certain hayfield. Complainant, Wayne Ritchie, and Harold Ritchie, all testified that defendant drove into the field, alighted from his car, pointed or aimed a gun at the complainant, and ordered him off the field. Defendant and William Devine testified that there were no threats and that defendant pointed the gun at a fox. Upon conviction, defendant appeals as of right.

Defendant alleges on appeal that the trial court erred in finding him guilty of felonious assault without making a specific finding that he entertained a specific intent to commit such an assault; and that the trial court erred by permitting the prosecutor, over objection by defense counsel, to reiterate portions of its case in chief during rebuttal.

Defendant erroneously contends that specific intent is an element of the crime of felonious assault. Reliance on *People v Dozier,* 39 Mich App 88 (1972), and *People v Crane,* 27 Mich App 201 (1970), is improper as these cases are in error on this point. This writer was in error when he signed the above per curiam opinions. While the result in those cases was correct because of the issue presented in them, it was error to elevate the intent required to a specific intent. The correct rule is stated in *People v Burk,* 238 Mich 485, 489 (1927).

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"The only elements necessary for the jury to find were that defendant made an assault with a dangerous weapon, and that he did not intend to commit murder or the offense of great bodily harm less than the crime of murder. If defendant assaulted Foster with a dangerous weapon he would be guilty of the offense charged, regardless of his intent to injure him, if he did not intend to commit murder or great bodily harm less than the crime of murder."

See, also, *People v Richard Johnson,* 42 Mich App 544 (1972); 6 Am Jur 2d, Assault and Battery, § 53, p 51; 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1044, p 1436. Additionally, we would reject defendant's allegation that the trial court committed reversible error where it failed to make a specific finding of fact that defendant had entertained the intent required. In *People v Thomas,* 387 Mich 368, 378 (1972), the Court held that no specific findings of fact are required in a judge-tried criminal case.

Trial testimony obviously believed by the judge and reasonable inferences therefrom, as evidenced by the record and the guilty verdict, support a finding of guilty of felonious assault. From the evidence the trial judge could properly find that the defendant threatened and pointed a gun at the complainant. Criminal, specific, or willful intent can be inferred from a defendant's actions. *People v Gill,* 8 Mich App 89, 93 (1967); *People v Gilliam,* 27 Mich App 314, 317 (1970); *People v Morgan,* 27 Mich App 388, 390 (1970).

Defendant contends the trial judge erred in permitting a witness to reiterate in rebuttal the testimony given during the trial in chief. The asserted error in this case is without substance. The witness did not introduce any unexpected or new evidence. For a trial judge, in a nonjury case, to allow a restatement of evidence previously

given during the trial does not of itself constitute an abuse of discretion and give rise to reversible error. In the absence of proof to the contrary, it is presumed that the trial judge was not prejudiced thereby.

Affirmed.

All concurred.