PEOPLE *ex rel* OAKLAND PROSECUTING ATTORNEY v BUREAU
OF PARDONS AND PAROLES

TRUDEAU v OAKLAND CIRCUIT JUDGE

1. PARDON AND PAROLE—ELIGIBILITY FOR PAROLE—HABITUAL OF-
FENDER—MINIMUM TERM—SENTENCING JUDGE—STATUTES.
   A defendant who has been convicted under the habitual offender
   act should not be declared to be eligible to parole before the
   expiration of the minimum term fixed by the sentencing judge
   at the time of sentencing without the written approval of the
   judge of such court or any judge of such court if the sentencing
   judge is not then serving (MCLA 769.12; MSA 28.1084).

2. STATUTES—STATUTORY CONSTRUCTION—STATUTES IN PARI MATERIA.
   Statutes *in pari materia* must be construed together.

3. STATUTES—STATUTORY CONSTRUCTION—PLAIN AND UNAMBIGUOUS
LANGUAGE.
   Statutory language which is plain and unambiguous must be
   given effect.

Original action in the Court of Appeals. Submit-
ted April 12, 1977, at Lansing. (Docket Nos. 27620,
29625.) Decided September 7, 1977.

Complaint by Edward A. Trudeau in the Court
of Appeals for superintending control requesting
that a judgment of the Oakland Circuit Court
which found his parole to be unlawful be declared
void for want of jurisdiction. Complaint by the
Oakland County Prosecuting Attorney in the
Court of Appeals for mandamus requesting that
action of the Bureau of Pardons and Paroles in

REFERENCES FOR POINTS IN HEADNOTES
[1] No reference.
[2] 73 Am Jur 2d, Statutes §§ 187–190.
[3] 73 Am Jur 2d, Statutes §§ 194, 195.

paroling Trudeau be declared void and that Trudeau be reincarcerated. The actions were consolidated. Superintending control denied and mandamus found proper, however, Trudeau is not to be reincarcerated because his period of parole has expired.

*Doherty & Thomas,* for Edward Trudeau.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski* and *T. Michael McLarry,* Assistants Appellate Counsel, for the people.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for the Bureau of Pardons and Paroles and for the Department of Corrections.

Before: R. M. MAHER, P. J., and M. J. KELLY and J. J. KELLEY,* JJ.

M. J. KELLY, J. The procedural complexities of these consolidated cases make dull reading. Suffice it to say that the Oakland County Prosecutor has challenged, on two fronts, the validity of a grant of parole to one convicted as an habitual offender. The parolee has, in turn, filed a suit in this Court disputing the prosecutor's actions as to jurisdiction and on the merits.

The background is that Edward Allen Trudeau had been sentenced to serve 12 to 40 years in prison under the habitual offender statute, MCLA 769.12; MSA 28.1084, by Oakland County Circuit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court Judge Frederick Ziem on March 28, 1973, retroactive to 1968.[1] After the parole board computed good time and special good time, MCLA 800.33; MSA 28.1403, Trudeau was granted a 24-month parole on May 8, 1975, and released from prison on June 9, 1975. The prosecutor filed the circuit court action on August 20, 1975, claiming that the habitual offender statute required approval of the sentencing judge for Trudeau to be released prior to serving the minimum term of 12 calendar years, which would expire in 1980. After cross-motions for summary judgment, the trial court issued an opinion which held that approval of the sentencing judge was required under MCLA 769.12; MSA 28.1084 and, since approval was not obtained, Trudeau's parole was unlawful.

Essentially, Trudeau's complaint was a challenge to the circuit court's jurisdiction. On March 15, 1976, this Court entered an order to show cause why the circuit court action should not be vacated for lack of jurisdiction and stayed any further action in the circuit court. Then on July 26, 1976, the prosecutor filed the companion case, an original action for mandamus in this Court, requesting that we declare the action of the parole board void and that we order Trudeau's immediate arrest to serve the balance of his minimum term. On November 1, 1976, this Court ordered the

---

[1] In October of 1968, Trudeau was sentenced in Oakland County Circuit Court to a term of 5 to 10 years after being convicted of breaking and entering, MCLA 750.110; MSA 28.305 and to a term of 10 to 15 years following his conviction of second-degree murder, MCLA 750.317; MSA 28.549. Then in July of 1971, Trudeau's convictions were set aside and the case was remanded for a new trial. In July of 1972, Trudeau was convicted of breaking and entering and manslaughter, MCLA 750.321; MSA 28.553, and sentenced to prison terms of 5 to 10 years and 10 to 15 years respectively. Then in 1973, Trudeau was determined to be an habitual offender pursuant to the filing of a supplemental information and was sentenced to a prison term of 12 to 40 years which was retroactive to 1968.

actions for mandamus and superintending control consolidated.

The issue is whether a prisoner sentenced under the habitual offender statute may be released on parole after the expiration of his calendar year minimum sentence less good time and special good time without the written consent of the sentencing judge or his successor. In other words, does the parole board obtain jurisdiction to exercise its unfettered discretion at net minimum[2] expiration or at calendar year expiration? Because of the importance of this issue to the jurisprudence of this state we prescind from examining the jurisdictional dispute. We treat the issue on its merits as if both cases were properly brought.

The statutes involved are in apparent conflict. The good-time statute, MCLA 800.33; MSA 28.1403, allows for the reduction of minimum prison sentences by good time and special good time, stating that:

"This amendatory act is hereby declared to be effective as to all prisoners now in custody at said institutions as well as to all prisoners who shall hereafter be committed: Provided further, That any convict now in prison whose good time allowance has been increased by this amendatory act, who would thereby be eligible for release or discharge, shall not be released or discharged without the approval of the parole board: Provided, That every convict shall be eligible for release or discharge if he has served the maximum of his sentence less the good time allowed him under the law prior to this amendatory act. The parole board shall be exclusively empowered to cause the forfeiture of the good time credited to any convict at the time of any parole violation."

MCLA 791.233; MSA 28.2303 provides in part:

─────────────

[2] Calendar time minimum less all good time and special good time.

"The grant of any parole shall be subject to the following provisions:

\* \* \*

"(b) That no parole shall be so granted to any prisoner until he has served the minimum term imposed by the court less such allowances for good time or special good time as he may be entitled to by statute: Provided, That prisoners shall be eligible for parole prior to the expiration of their *minimum terms of imprisonment* whenever the sentencing judge or his successor in office shall give his written approval of the parole of such prisoner prior to the expiration of *such minimum terms of imprisonment;"* (Emphasis added.)

See also 1970–1971 AACS, R 791.321. The difficulty is the interpretation of the phrase, "minimum terms of imprisonment". Does this mean minimum term imposed by the court less good time and special good time (net minimum), or stated calendar year minimum imposed by the sentencing judge?

MCLA 791.234; MSA 28.2304[3] provides the con-

[3] "Every prisoner sentenced to an indeterminate sentence and confined in a state prison or reformatory, and any convict who is now imprisoned under a maximum sentence for life, with a minimum in terms of years, who shall have served the minimum so provided, notwithstanding that such sentence may otherwise be construed as a life sentence, and the term of years a nullity, when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, less allowances made for good time and special good time, shall be subject to the jurisdiction of the parole board.

"In case the prisoner is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board shall have jurisdiction over the prisoner for purposes of parole when he shall have served the total time of the added minimum terms, less the good time credit allowed by statute. The maximum terms of the sentences shall be added to compute the new maximum term under this provision and discharge shall be issued only after the sum total of such maximum sentences has been served less the good time credit the prisoner may earn or may be awarded by appropriate order; unless the procedure of parole shall intervene and discharge issue upon satisfactory completion of said parole, in which case the maximum term shall be discharged.

ditions under which a prisoner comes under the
exclusive direction and jurisdiction of the parole
board. It provides that a prisoner is subject to the

"Whenever any convict shall have 1 or more consecutive terms
remaining to serve in addition to the term he is serving, the parole
board shall be empowered to terminate the sentence such convict
shall be presently serving at any time, in the board's discretion, after
the minimum term of such sentence has been served. All orders of
termination of maximum sentences heretofore executed by the parole
board or any former parole commissioner are hereby ratified and
adopted retroactive nunc pro tunc as of date of execution.

"Any convict who now is, or hereafter may be imprisoned in any
one of the prisons or reformatories of this state under sentence for
life or for any term of years, other than those so sentenced for life for
murder in the first degree, and who shall have served 10 calendar
years of such sentence, shall be subject to the authority and jurisdic-
tion of the parole board and may be released on parole in the
discretion of the parole board: Provided, however, That no parole
shall be granted any convict so sentenced and so imprisoned except
after public hearing in the manner hereinafter prescribed for pardons
and commutations, except that 2 members of the parole board may
conduct such public hearing: Provided further, That notice of such
public hearing shall be given to the sentencing judge, or his successor
in office, and said parole shall not be granted in case said sentencing
judge, or his successor in office, shall file written objections to the
granting thereof, which written objections shall be made part of the
hearing. Parole so granted any convict so sentenced and so impris-
oned shall be for a period of not less than 4 years, and subject to the
usual rules appertaining to paroles issued by the parole board: Pro-
vided, however, That no parole ordered for a convict whose sentence
for life or for a minimum term equaling or exceeding 10 calendar
years shall become valid until the transcript of the record shall have
been filed with the attorney general whose certification of receipt
thereof shall within 5 days be returnable to the office of the parole
board. And such file shall became a public record as in the manner
made and provided for pardons and commutations.

"The time of his release on parole shall be discretionary with the
parole board. The action of the parole board in releasing prisoners
shall not be reviewable if in compliance with law."

In that statute, however, we find a reference to calendar years in
the fourth paragraph, which does not explicate clearly whether the
Legislature had in mind 10 calendar years less good time or whether
it means what it says, without implying the applicability of such
reductions. The sentence under consideration in the case at bar was
12 to 40 years retroactive to 1968. If we read the 10 calendar years
phraseology of paragraph 4 literally, then it follows that after 1978,
the parole board would have to give notice of a public hearing of any
intended release of Trudeau to the sentencing judge who could then
veto the parole by filing written objections. However, Trudeau was
not granted parole pursuant to this section and thus the construction
of its terminology is not before us.

jurisdiction of the parole board when he has served the minimum term of his sentence minus allowances for good time and special good time and that a prisoner's release is discretionary with the parole board, that decision being unreviewable if in compliance with the law.

Now to the habitual offender statute, MCLA 769.12; MSA 28.1084.[4] What does this language mean? "[Habitual] offenders * * * shall not be eligible to parole before the expiration of the *minimum term fixed by the sentencing judge* at the time of sentence without the written approval of the judge of such court or any judge of such court if the sentencing judge is not then serving." (Emphasis added.)

The trial court resolved the issue by concluding that the statutes must be read together to determine the legislative intent. It stated that the computation of good time and special good time

---

[4] "A person who after having been 3 times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits any felony within this state is punishable upon conviction as follows: If the felony for which such offender is tried is such that upon a first conviction thereof the offender might be imprisoned in a state prison for a maximum term of 5 years or more, or for life, then such person may be sentenced upon conviction of such fourth or subsequent offense to imprisonment in a state prison for the term of his natural life or for any lesser term in the discretion of the court; if the felony for which such offender is tried is such that upon a first conviction thereof the offender could not be imprisoned in a state prison for a maximum term of 5 years or more, or for life, then such person may be sentenced to imprisonment in a state prison for a term of 15 years or any lesser term in the discretion of the court. Offenders sentenced under this and the last 2 preceding sections shall not be eligible to parole before the expiration of the minimum term fixed by the sentencing judge at the time of sentence without the written approval of the judge of such court or any judge of such court if the sentencing judge is not then serving. A person to be punishable under this and the last 2 preceding sections need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section."

should take place for an habitual offender the same as with any other prisoner, but that the release of an habitual offender on the net minimum date could not take place without the sentencing judge's approval. Trudeau and the state agencies contend that interpretation is erroneous. They read the term "minimum sentence" in the habitual offender act as meaning what we have called net minimum. They argue that all terms are "fixed by the sentencing judge" and that language in the statute is surplusage.

The Attorney General says that the trial court's reasoning would be applicable to a situation where "special parole" was contemplated. The argument is that "special parole" applies where an inmate has not served his net minimum and should not be confused with the habitual criminal situation applicable in the case at bar where the inmate has served his net minimum. "Special parole" requires approval of the sentencing judge, the argument goes, but, the net minimum situation does not—whether in the habitual offender's parole or any other prospective parolee.

We find either interpretation reasonable. The arguments are plausible, pro and con. From the dearth of authority we are of the opinion that existing practice is probably consistent with the Attorney General's interpretation. But practice is not precedent. We are persuaded that the clear language of the habitual offender statute should be given effect and that the defendant should not have been declared "eligible to parole before the expiration of the minimum term fixed by the sentencing judge at the time of the sentence without the written approval of the judge". MCLA

769.12; MSA 28.1084.[5] To do otherwise would render nugatory the explicit language "term fixed by the sentencing judge" in the habitual offender statute.

We are guided by two canons of statutory construction: First, that statutes *in pari materia* must be construed together and, second, if language is plain and unambiguous it must be given effect. Applying these canons to the present case leads us to the conclusion that a prisoner sentenced under the habitual offender statute may not be released on parole prior to the expiration of the calendar year minimum sentence imposed by the court without the written consent of the sentencing judge or his successor.

To avoid confusion in the corrections system we declare this ruling to be prospective in application[6] 60 days from the date of publication of the opinion in the Advance Sheets of Michigan Appeals Reports.

---

[5] We note that our holding does not preclude special parole under MCLA 791.233(b); MSA 28.2303(b) for habitual offenders. Earlier judicial approval could be sought whether calendar minimum had been reached or not.

[6] Our prospective ruling will not apply to Trudeau. His parole expired June 9, 1977. His time has been served and neither the circuit court nor the corrections commission has jurisdiction over him.