PEOPLE v STINSON

Docket No. 77-2890. Submitted December 21, 1978, at Detroit.—Decided February 21, 1979.

Leonard E. Stinson was convicted of possession of a gas-ejecting device, Recorder's Court of Detroit, George W. Crockett, Jr., J. Defendant appeals, alleging that the statute under which he was convicted is overly broad and vague and that the prosecutor's failure to prove that he was not licensed to possess a gas-ejecting device requires reversal of the conviction. *Held:*

1. The statute is open to challenge on vagueness grounds. However, once the statute is pared down to prohibit only gas-ejecting weapons the uncertainty ceases. Since the device possessed by the defendant was a weapon and was marked as such, he clearly was in violation of the pared-down statute.

2. The defendant failed to object to the prosecutor's alleged failure to prove that defendant did not possess a license, thus that issue is not preserved for review in the absence of manifest injustice.

Affirmed.

1. Criminal Law — Gas-Ejecting Weapons — Statutes — Vagueness.

The portion of a statute making it unlawful to possess any gas-ejecting device, weapon, cartridge, container or contrivance designed or equipped for or capable of ejecting any gas which will either temporarily or permanently disable, incapacitate, injure or harm any person with whom it comes in contact is unconstitutionally vague in two respects: (a) by leaving it to the police, the prosecution and, ultimately, the trier of fact to determine the difference between legal and illegal devices for ejecting harmful gases, the statute confers an impermissible discretion to determine whether an offense has been committed, and (b) the statute does not provide fair notice of the conduct

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 17 *et seq.*
73 Am Jur 2d, Statutes § 346.
79 Am Jur 2d, Weapons and Firearms §§ 1-5.
[2] 5 Am Jur 2d, Appeal and Error §§ 545-557, 835.

proscribed; however, if that portion of the statute is pared down to prohibit only possession of gas-ejecting *weapons,* the uncertainty ceases since a weapon is generally understood to be anything used or designed to be used to injure another.

2. APPEAL AND ERROR — FAILURE TO OBJECT — MANIFEST INJUSTICE.
   Matters unobjected to at the trial level are not preserved for review, absent manifest injustice.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BASHARA and ALLEN, JJ.

PER CURIAM. Defendant was found guilty in a bench trial of possession of a gas-ejecting device, contrary to MCL 750.224; MSA 28.421, and appeals.

The testimony adduced at trial established that defendant had in his possession a canister which he removed from his car and placed in the street. A Detroit police officer observed defendant's actions and retrieved the can. A police chemist testified that the canister contained "Paralyzer" CS military tear gas. The term "weapon" appeared on the canister.

Defendant first argues that the statute is unconstitutional for the reason that it is overly broad and vague. He contends that many innocuous products are within its scope and that it fails to designate those substances which are proscribed.

This Court has recently reviewed the statute in question. In *People v Guy,* 84 Mich App 610; 270 NW2d 662 (1978), a majority of the panel concur-

red with the argument advanced by defendant in the case at bar. However, we unanimously adopt the reasoning of the dissenting opinion of Judge M. F. CAVANAGH. That opinion held that while the statute's sweeping language opened it to attack, when its proscription was limited to possession of gas ejecting *weapons,* certainty and constitutionality was established.

Defendant also contends that the prosecution's failure to prove that he was not licensed to possess a gas-ejecting device requires reversal of the conviction. Defendant failed to bring this issue to the attention of the trial court. Absent manifest injustice, matters unobjected to at the trial level are not preserved for review. *People v Carroll,* 396 Mich 408; 240 NW2d 722 (1976), *People v Atsilis,* 60 Mich App 738; 231 NW2d 534 (1975). While the question might be arguable, the analogy of the facts in this case to those in *People v Henderson,* 391 Mich 612; 218 NW2d 2 (1974), convinces us that no manifest injustice occurred.

Defendant's remaining allegations of error are without merit.

Affirmed.