PEOPLE v OWENS

Docket Nos. 78-2729, 78-3530. Submitted June 6, 1980, at Lansing.—
Decided April 21, 1981.—Rehearing granted July 23, 1981.—
Decided August 18, 1981. Leave to appeal denied, 412 Mich —.

Defendant, Raymond C. Owens, was convicted by a jury in
Washtenaw Circuit Court, Edward D. Deake, J., of felonious
assault and felony-firearm. Subsequent to these convictions, the
prosecution filed a supplemental information charging defen-
dant as a second offender. Defendant pled guilty to the second
offender charge. Defendant appeals, alleging error in the fail-
ure of the prosecution timely to bring the second offender
charge, in the failure of the trial court to properly explain to
defendant the nature of the maximum sentence prior to accep-
tance of his guilty plea to the supplemental charge, in the
failure of the trial court to instruct the jury of the specific
intent necessary to convict defendant of felonious assault, in
the failure of the trial court to adequately instruct the jury
regarding defendant's defense of accident, and by reason of
prosecutorial misconduct involving the submission of certain
evidence and the making of certain arguments. Defendant has
also filed a separate motion for peremptory reversal of the
habitual offender conviction. The Court of Appeals released its
opinion to the parties on April 21, 1981. Prior to publication of
that opinion, the Court granted a motion for rehearing and has
issued a new opinion. *Held:*

1. The trial court complied with the mandate of the court
rule governing guilty pleas when it informed the defendant of
the maximum sentence which could be imposed. The court rule
does not require that the trial court explain that the sentence

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 8] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 553.

[2] 21 Am Jur 2d, Criminal Law §§ 20, 266-284.

[3] 21 Am Jur 2d, Criminal Law §§ 535, 547, 548.

[4] 6 Am Jur 2d, Assault and Battery § 51.
75 Am Jur 2d, Trial § 719.

[6] 75 Am Jur 2d, Trial § 727.

[7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 19-21.

will be served as "flat time", *i.e.,* served without being eligible for good time and special good time credit.

2. The holding of the Supreme Court relative to instructing the jury of the specific intent necessary to convict for felonious assault will not be applied retroactively to this case tried prior to the decisional date of that holding.

3. While generally appellate review of jury instructions is precluded in the absence of an objection at trial, such failure to object at trial will not preclude review where erroneous jury instructions are shown to have resulted in manifest injustice. Since the failure of the trial court to adequately instruct the jury regarding defendant's defense of accident may well have resulted in manifest injustice, reversal and remand for a new trial is mandated even in the absence of an objection at trial.

4. The inquiry of the prosecution relative to the uncharged offense of carrying a handgun without a license and other bad acts when coupled with the assertion by the prosecution in closing argument that the proofs establish that the defendant was guilty of another additional uncharged crime may constitute reversible error.

5. Since defendant's appeal was pending on the decisional date of the Supreme Court's opinion requiring that habitual offender charges must be brought at least by the time that the last underlying felony is charged, that rule is retroactively applied to defendant and the habitual offender conviction is reversed.

Reversed and remanded.

M. J. KELLY, J., dissented from the reversal of the underlying felonies on the basis of a failure by defendant to preserve the pivotal issues for appellate review. He concurs that reversal of the habitual offender conviction is mandated under the retroactivity rule enunciated by the Supreme Court. He would affirm the convictions on the underlying felonies and reverse the habitual offender conviction.

## OPINION OF THE COURT

1. APPEAL — PRESERVING QUESTION — MANIFEST INJUSTICE — RULES OF EVIDENCE.

Matters not objected to at the trial level are not preserved for appellate review, absent manifest injustice (MRE 103[a][1]).

2. CRIMINAL LAW — DOUBLE JEOPARDY — CONSTITUTIONAL LAW — FELONIOUS ASSAULT.

Convictions for both felony-firearm and felonious assault do not violate the constitutional prohibition against double jeopardy.

3. CRIMINAL LAW — GUILTY PLEAS — SENTENCING — GOOD TIME —
   COURT RULES.

   A trial judge, prior to acceptance of a guilty plea, need not
   inform a defendant that his sentence would be served as "flat
   time" because he would not be eligible for good time and
   special good time credit; the court rule governing the taking of
   guilty pleas does not require that the trial court explain good
   time to a defendant prior to acceptance of a guilty plea (GCR
   1963, 785.7).

4. ASSAULT AND BATTERY — INTENT — FELONIOUS ASSAULT — JURY
   INSTRUCTIONS — RETROACTIVITY.

   The holding of the Supreme Court that a jury in a prosecution for
   felonious assault must be instructed that the defendant must
   be found to have intended to injure the victim or to put the
   victim in reasonable apprehension of receiving an immediate
   battery should not be applied retroactively to cases tried before
   the decisional date of that holding.

5. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION — MANI-
   FEST INJUSTICE — COURT RULES — STATUTES.

   Appellate review of jury instructions is normally precluded by
   the failure to object at trial; however, such failure to object at
   trial will not preclude review of jury instructions where the
   jury instructions are shown to have resulted in manifest injus-
   tice (GCR 1963, 516.2, MCL 769.26; MSA 28.1096).

6. CRIMINAL LAW — JURY INSTRUCTIONS — ASSAULT — DEFENSES —
   ACCIDENT.

   The failure of a trial court to clearly indicate to a jury in its
   charge that the defense of accident is applicable not only to the
   charged crime of assault with intent to commit murder but also
   to the lesser included offenses of assault with intent to commit
   great bodily harm less than murder and felonious assault
   constitutes reversible error, even in the absence of an objection
   at trial, where the jury returns a verdict of guilty of felonious
   assault.

7. CRIMINAL LAW — HABITUAL OFFENDERS — BRINGING OF CHARGES
   — RETROACTIVITY.

   The holding of the Supreme Court that habitual offender charges
   should be filed with the information which charged the last
   felony to provide fair notice to the accused and avoid the
   appearance of prosecutorial impropriety applies to cases pend-
   ing on appeal on the decision date of that holding, August 28,
   1979.

DISSENT BY M. J. KELLY, J.

8. APPEAL — PRESERVING QUESTION.

   *Issues not properly preserved in the trial court should not be
   considered on appeal.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *James S. Sexsmith,*
Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R.
CORSIGLIA,* JJ.

G. R. CORSIGLIA, J. On May 3, 1978, defendant
was convicted by a jury of felonious assault, MCL
750.82; MSA 28.277, and possession of a firearm
during the commission of a felony, MCL 750.227b;
MSA 28.424(2). He pled guilty to a supplemental
information, filed on May 8, 1978, charging him
with being a habitual offender, MCL 769.12; MSA
28.1084. He was sentenced to a prison term of 6 to
15 years, plus an additional two-year consecutive
term on the felony-firearm conviction. Defendant
appeals as of right. Also pending before this Court
is a motion for peremptory reversal of the habitual
offender conviction, Docket No. 78-3530.

Defendant's convictions arose out of an incident
which occurred in March of 1978. According to the
victim, Mr. Reeves, defendant came in and
grabbed him from behind. He fell over backwards,
and the defendant shot him in the head.

Another witness testified that he was sitting
with the victim and the defendant's girlfriend, Ms.
Spencer, and that the defendant walked into the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

kitchen, walked over to the victim, placed his left
hand around his neck and pulled him to the floor
just before the gun went off.

The defendant's girlfriend testified that when
she met the defendant at her kitchen door, she
saw the gun and attempted to grab it. However,
the defendant was able to snatch it away, causing
her to fall at the same time that the defendant
grabbed the victim from behind. Hence she was
unable to observe what happened when the gun
went off. During her testimony the prosecution
brought to light her relationship with the defen-
dant and a prior inconsistent story she had told to
the police.

The prosecutor questioned the detective who
took Ms. Spencer's prior story. He related her
earlier version, arguably hearsay, without objec-
tion by defense counsel. Absent manifest injustice,
such matters are not preserved for appeal. *People
v Stinson*, 88 Mich App 672; 278 NW2d 715 (1979),
MRE 103(a)(1). No manifest injustice is present in
this case.

The defendant testified on his own behalf. The
gist of his testimony, and indeed the entire defense
theory, was that the shooting was an accident.
Defendant explained that the gun was usually
stored at his girlfriend's house, but that he had
loaned it to someone else. According to his testi-
mony, he was handing the gun to his girlfriend
when he saw the victim. He had been drinking
heavily. He believed that Reeves was someone who
had earlier pulled a gun on him, and he grabbed
him with his left hand, knocking him over. While
the victim lay on the floor, and the defendant
struggled with his girlfriend, the gun went off
accidentally.

The prosecutor established that the defendant

was married and living with his wife, in addition to having a boyfriend/girlfriend relationship with Ms. Spencer. The prosecutor also brought out through cross-examination testimony showing that the defendant owned several guns, had a prior conviction for carrying a concealed weapon, and had no permit to carry a weapon. Defense counsel did not object to this line of questioning. During closing arguments, the prosecutor referred back to these facts, and stated that the defendant committed an assault and battery, although it was not the offense charged.

The trial judge instructed the jury that it could return one of four verdicts on Count I. Instructions were given on assault with intent to commit murder (the crime charged), assault with intent to commit great bodily harm less than murder, felonious assault, and, of course, not guilty. On Count II the jury was instructed that they could reach one of two verdicts; they could find the defendant guilty as charged or not guilty.

The only objection raised by defense counsel was a continuing one to the instruction on assault with intent to do great bodily harm less than murder. Subsequent to the actual instruction to the jury, both parties expressed satisfaction with the instructions as given.

The instructions of the trial judge with regard to the defense of accident were brief. While giving the instruction on the elements of assault with intent to commit murder, the court stated: "The defense in this case [is] that anything that happened was accidental". After describing the prosecution's theory of the case, the trial court read the following as the defendant's theory:

"The defendant's theory is that the People have

failed to prove each and every element of the crime alleged or any lesser included offense beyond a reasonable doubt and that the defendant is therefore not guilty as to both counts one and two."

The jury returned a verdict of guilty of felonious assault on Count I, and guilty as charged on Count II.

Defendant argues that his conviction for both possession of a firearm during the commission of a felony and felonious assault violates his constitutional right not to be twice placed in jeopardy. We consider the decision of the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), dispositive of this issue. Conviction on both counts does not place the defendant in double jeopardy.

Defendant was sentenced to an eight-year minimum term based upon a plea agreement to the habitual offender charge. He now argues that he was not informed and was unaware that this term would be "flat time", and he would be ineligible for good time or special good time credit, under the statute as interpreted by the courts. *People ex rel Oakland Prosecuting Attorney v Bureau of Pardons & Paroles,* 78 Mich App 111; 259 NW2d 385 (1977). We first note that *Oakland Prosecuting Attorney* explicitly left open the option of special parole with judicial approval, under MCL 791.233b; MSA 28.2303(b). *Id.,* 119, fn 5.

In a habitual offender proceeding, a court must comply with the requirements of GCR 1963, 785.7 to establish that a plea is intelligently, understandingly and voluntarily given. *People v Stevens,* 88 Mich App 421; 276 NW2d 910 (1979). See also *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

However, the trial record reflects that the trial

court complied with the provisions of GCR 1963, 785.7 in this case. The trial judge clearly explained the minimum term to the defendant. While statutory good time is not available to a habitual offender, special parole is still an open option. Further, nothing in the language of GCR 1963, 785.7 requires an explanation of good time to a defendant. Consequently, we find this alleged error on the part of the trial judge without merit.

Defendant also argues that the trial court failed to instruct the jury that felonious assault is a specific intent crime and that the decision of the Supreme Court in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), compels us to reverse. *Joeseype Johnson* held that a jury should be instructed that there must be either an intent to injure or an intent to put a victim in reasonable fear or apprehension of an immediate battery to sustain a conviction of felonious assault. *Id.,* 210.

However, *Joeseype Johnson* was decided after defendant's conviction in this matter, and we decline to give it retroactive application in this case. *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). See also *People v Starghill,* 99 Mich App 790; 298 NW2d 641 (1980). The great weight of prior case law in Michigan indicated that felonious assault was not a specific intent crime. *People v Burk,* 238 Mich 485; 213 NW 717 (1927), *People v Jordan,* 51 Mich App 710; 216 NW2d 71 (1974), *People v Rohr,* 45 Mich App 535; 206 NW2d 788 (1973). Consequently, the failure of the trial court to instruct on the requisite intent as established by *Joeseype Johnson, supra,* is not reversible error.

Central to the defendant's case and to this Court's opinion is the defense theory that the shooting of Mr. Reeves was accidental. Defendant

argues on appeal that the lower court did not adequately instruct the jury on this theory. The line which separates felonious assault from a simple assault and battery in this case is the gun. *People v VanDiver,* 80 Mich App 352; 263 NW2d 370 (1977), MCL 750.82; MSA 28.277. If the defense theory of accident was accepted by a jury, it would be a complete defense to the charged crimes. Consequently, it was of extreme importance that the jury receive adequate instructions regarding the defense of accident.

The instructions given were, at best, limited. The trial court referred to the defense theory of accident when setting forth the elements of assault with intent to commit murder. Further reference was not made to the theory of accident when giving the elements of the lesser offenses. In summarizing the defendant's theory, the court did not mention the defense of accident. We are unable to ascertain from the record whether the theory of the defendant, as read by the trial judge, was drafted by defense counsel. The record clearly reflects that defense counsel indicated his general satisfaction with the instructions as given.

As a general rule, this Court is hesitant to reverse a lower court because of an error in jury instructions where no objection is raised at trial. GCR 1963, 516.2, MCL 769.26; MSA 28.1096. Failure of counsel to object at the trial level precludes immediate correction, and it involves the criminal justice system in needless appeals and delay. Jury instructions must be read and considered as a whole to determine if there is error and, if there is error, it is not grounds for reversal in the absence of objection at trial except upon a showing of manifest injustice. *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979).

Nevertheless, it was clear from the time of the defendant's opening statement, through defendant's actual trial testimony and closing argument, that accident was central to the defense theory in this case. Felonious assault requires a dangerous weapon, the weapon involved here was a gun, and the defense theory was that the assault and the firing of that weapon were accidental.

In this case the distinction between the crime of which the jury convicted the defendant, felonious assault, and the crime of simple assault and battery is too fine for the instructions given to have adequately presented to the jury the defense theory of accident. We reach this conclusion even assuming that the defense theory as read by the trial judge was drafted by defense counsel.

The instruction given by the court regarding the defense of accident was mentioned in conjunction with an element of assault with intent to commit murder. It was not repeated when instructions were given on assault with intent to commit great bodily harm less than murder or felonious assault. We are constrained to find reversible error. *People v Ora Jones,* 395 Mich 379, 394; 236 NW2d 461 (1975), *People v Stanley Jones,* 69 Mich App 459; 245 NW2d 91 (1976), *lv den* 400 Mich 830 (1977). Considered as a whole, the instructions given and the defendant's theory of the case as presented by the trial judge, even absent objection, were not sufficient to adequately present the defense theory to the jury.

Since we find reversible error in the jury instructions given in this case, we do not need to reach the issue of prosecutorial misconduct raised by the defendant. However, in order to avoid further appeals in this matter, we address the issues raised by the defendant.

At trial defense counsel allowed the prosecutor
to interject, without objection, a number of issues
regarding which the defendant now complains.
Clearly, the relationship between Ms. Spencer and
the defendant was relevant insofar as it showed a
possible bias, especially in light of her inconsistent
stories.

However, the prosecutor also inquired into the
defendant's license to carry a handgun, although
he was not charged with the statutory offense.
This inquiry was of limited relevance, at best, and
raised highly prejudicial matters.

Standing alone, we would be hesitant to reverse
based on such an issue. However, we in no manner
condone such a reference by the prosecution. *People v Morgan,* 86 Mich App 226; 272 NW2d 249
(1978).

Further, we find additional prejudicial conduct
by the prosecutor in his closing argument. The
prosecutor stated, following immediately upon reference to the three potential verdicts the jury
could return against the defendant:

"The defendant has admitted to you that he did offer
to do violence to James Reeves, he had admitted coming
up behind him and grabbing him around the neck, that,
too, constitutes an assault. As a matter of fact, it
constitutes assault and battery, but that's not the crime
that is charged here."

While this Court is not unaware of the difficulty
of phrasing every statement with precision in
closing argument, this reference to an uncharged
crime of which the defendant was "guilty", in
combination with the previous references by the
prosecutor to other "crimes" such as carrying a
weapon without a license and bad acts such as
having guns around, might have convinced a jury

unversed in legal technicalities that the defendant
was guilty of something and should be convicted.
The length of the deliberations and the fact that
the jury returned the least serious charge do not
belie this possibility.

It is doubtful that we could conclude, in light of
these facts and in the face of an encore at retrial,
that this was harmless error beyond a reasonable
doubt.

Finally, defendant contends that he was improp-
erly charged and convicted as a habitual offender
in violation of the rule in *People v Fountain,* 407
Mich 96; 282 NW2d 168 (1979), because the prose-
cutor, despite knowing of defendant's prior convic-
tions, failed to file the supplemental information
charging defendant as a habitual offender until
after his conviction of the principal offense. Al-
though the trial in the present case took place
before *Fountain* was decided, defendant is entitled
to the benefit of that decision. In *People v Young,*
410 Mich 363; 301 NW2d 803 (1981), the Supreme
Court ruled that *Fountain* applies to cases pending
on appeal on August 28, 1979, provided the issue
was raised during the pendency of the appeal.
These circumstances occurred in the instant case
and on retrial the prosecution is barred from
charging defendant as a habitual offender.

Reversed and remanded for a new trial.

DANHOF, C.J., concurred.

M. J. KELLY, J. *(dissenting).* Except for the rever-
sal of the habitual offender charge in accordance
with *People v Young,* 410 Mich 363; 301 NW2d
803 (1981), I dissent from the majority opinion as I
am persuaded that defendant was rightly con-
victed. The majority reverses on the failure of the
trial court to adequately instruct the jury on the

defense's theory of accident. This is simply appellate second sight in the raw. Trial counsel, whose adequacy was not questioned in this appeal, was satisfied with the instructions and expressed that satisfaction on the record.

Furthermore, the trial judge instructed in addition that:

"If you find that the defendant, for any reason whatsoever did not consciously and knowingly act with the intent to murder James Reeves, the crime cannot have been committed and you must find the defendant not guilty of the crime of assault with intent to commit murder."

GCR 1963, 516.2 provides that:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Neither this issue nor the issue of prosecutorial misconduct have been properly preserved for appellate review.

I would affirm except for the plea to the habitual offender charge reversal which is mandated by *People v Young, supra.*