811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester Wheeler CAMPBELL, Plaintiff-Appellant,
v.
L. Brooks PATTERSON, Individually and as Prosecuting
Attorney for Oakland County, Michael Izzo, Individually and
as Prosecuting Attorney for Oakland County, Robert C.
Williams, Individually and as Chief Appellate Counsel for
the Prosecuting Attorney for Oakland County, Defendants-Appellees.
 No. 86-1478.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1986.
 
 Before MERRITT, JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In a prior opinion, this Court held that the three prosecutors who are the defendants in this case were not entitled to absolute immunity. Campbell v. Patterson, 724 F.2d 41 (6th Cir.1983) (per curiam ), cert. denied, 465 U.S. 1107 (1984). This Court remanded the case for consideration of the defendants' good faith immunity.
 
 
 3
 The district court held that the defendants were entitled to such immunity. The defendants' interpretation of People ex rel. Oakland Prosecuting Attorney v. Bureau of Pardons and Paroles, 78 Mich.App. 111 (1977) (generally known as the Trudeau decision) was that the case did apply to persons currently serving sentences on habitual criminal charges. It was not until years later when Lamb v. Bureau of Pardons and Paroles, 106 Mich.App. 175 (1981) was decided that the Michigan courts ruled that the Trudeau case was not to be applied retroactively.
 
 
 4
 Generally, government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). If the law is not clearly established, an official cannot reasonably be expected to anticipate subsequent legal developments. Id.; Whitfield v. City of Knoxville, 756 F.2d 455, 463-64 (6th Cir.1985). When the defendants contacted the prison officials concerning Campbell, there were no cases which had decided the retroactivity of the Trudeau case. Therefore, the law was not clearly established, and the defendants could not reasonably be expected to anticipate the subsequent legal developments. So the district court was correct to hold that the defendants were entitled to good faith immunity.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.